Case 2:18-cv-00045   Document 9   Filed on 04/09/18 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
April 09, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALFONZO WALLACE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-45 |
| | § | |
| COREY FURR, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE**

Plaintiff Alfonzo Wallace is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. For purposes of screening, Plaintiff has stated an Eighth Amendment claim for injunctive relief against **Assistant Warden Corey Furr** as the party able to provide the injunctive relief should Plaintiff prevail. The undersigned will order service on this defendant.

The undersigned further recommends that Plaintiff's remaining claims for injunctive relief against all other defendants be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below.

## I.  JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.  PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). Plaintiff is serving life sentences on each of his four aggravated robbery convictions out of Dallas County, Texas. He was sentenced on three convictions on December 18, 1995 and the fourth conviction on March 1, 1996. Plaintiff's claims in this lawsuit occurred in connection with his current assignment to the McConnell Unit in Beeville, Texas.

On January 10, 2018, Plaintiff filed his original complaint, naming the following McConnell Unit and TDCJ officials as defendants: (1) Corey Furr, Assistant Warden; (2) Warden Sufuentes, Warden; (3) Fernandez, Assistant Warden; (4) P. Chapa, TDCJ Assistant Regional Director; and (5) Lorie Davis, TDCJ Director. Plaintiff alleges that Defendants were deliberately indifferent to his health and safety by changing the operating policy to require a necessities exchange at 3:30 a.m., thereby interfering in Plaintiff's ability to sleep. Plaintiff seeks injunctive relief in the form of implementing a new policy that allows for six to eight hours of uninterrupted sleep.

A *Spears*[1] hearing was conducted on March 23, 2018. The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1): Plaintiff arrived at the McConnell Unit in April 1998 and has been housed there since that time. Plaintiff is a 49 year old male and is 6'2" tall. He currently weighs 198 pounds, which is down from his typical weight of 215 pounds. Plaintiff testified that his overall health has been declining. In addition to his weight issues, Plaintiff suffers from headaches, chest pains, bowel issues, and foot problems. Plaintiff, who has been diagnosed with Hepatitis C, describes his liver as aching.

According to Plaintiff, Defendants have implemented a policy that forces him to choose between getting either sleep or clean clothes. Under the policy, Plaintiff must awaken before 3:00 a.m. four days a week to attend the necessities exchange, which consists of getting new clothes or sheets. Plaintiff is then required to go to the dining facility for breakfast and return to his cell by 5:00 a.m. for a head count. On many days, Plaintiff must leave his cell around 7:00 a.m. for work in which he cleans showers around the unit. Plaintiff typically completes his morning shift by noon or 1:00 p.m. Plaintiff sometimes is required to work the night shift, which begins at 10:00 p.m. and ends around 3:00 a.m. Other than work, Plaintiff spends time both in the law library and recreation areas.

Plaintiff believes that the time for the necessities exchange was changed from the early afternoon to 3:30 a.m. to punish prisoners and keep them sleep deprived.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

According to Plaintiff, the change in policy took place over ten years ago.  Plaintiff states that he is able to sleep uninterrupted only for about three to four hours per night.  He requests at least six or seven hours of uninterrupted sleep per night.  Plaintiff believes that Assistant Warden Furr has the authority to make the policy change at the McConnell Unit to allow him to sleep uninterrupted for his requested time.

Plaintiff has been told by his doctor that his lack of sufficient sleep has exacerbated his liver issues and caused other health concerns.  Plaintiff testified that the combination of sleep deprivation and his prescribed medications has caused him to have body aches and to use the bathroom more frequently than would otherwise be normal.

## III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).  A claim has no arguable basis in fact if "after providing the plaintiff the

opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the

victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV. DISCUSSION

### A. Proper defendants.

Plaintiff seeks injunctive relief against the prison officials who he believes played a role in changing the necessities exchange time to occur at 3:30 a.m. He has named TDCJ Director Davis, stating that she personally implemented the new necessities exchange time policy. Plaintiff identifies Assistant Regional Director Chapa as someone who encouraged the new operating policy for the necessities exchange. Plaintiff further lists three wardens or assistant wardens as responsible for implementing the policy change regarding the timing of the necessities exchange.

Given the size of the TDCJ, it is more likely that each unit has its own operating policies, and therefore, for purposes of obtaining injunctive relief, one of the named wardens is the individual most likely able to fashion the relief Plaintiff is seeking should he prevail on his claims. Plaintiff testified that Assistant Warden Furr has the authority to change the McConnell Unit's operating policies. Because Assistant Warden Furr appears to be best person to implement the injunctive relief requested, the undersigned respectfully recommends that he remain in this case and that the other individual defendants be dismissed.[2]

---

[2] Should facts come to light as this case proceeds that another prison official at the McConnell Unit is the best person to implement Plaintiff's requested injunctive relief, the undersigned will substitute that person in place of Assistant Warden Furr.

### B. Sleep Deprivation.

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. "The Constitution does not mandate comfortable prisons . . . but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (per curiam) (internal quotations omitted)). Prison officials are required to provide humane conditions of confinement and ensure that inmates receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions that result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Hudson v. McMillian*, 503 U.S. 1, 8-10 (1992).

A constitutional violation under the Eighth Amendment occurs only when two requirements are met. "First, there is an objective requirement that the condition must be so serious as to deprive prisoners of the minimal civilized measure of life's necessities, as when it denies the prisoner some basic human need." *Woods*, 51 F.3d at 581 (internal quotations and citation omitted). Because "sleep undoubtedly counts as one of life's basic needs," any "[c]onditions designed to prevent sleep . . . might violate the Eighth Amendment." *Harper*, 174 F.3d at 720. *See also Walker v. Schult*, 717 F.3d 119, 126-28 (2d Cir. 2013) (concluding that sleep deprivation may deny prisoner of a minimal civilized measure of life's necessities).

"Second, under a subjective standard, [the court] must determine whether the prison official responsible was deliberately indifferent to inmate health and safety." *Woods*, 51 F.3d at 581 (internal quotations and citation omitted). Deliberate indifference is more than mere negligence. *Farmer*, 511 U.S. at 835. To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Id.* at 837.

Taking all facts alleged as true and in the light most favorable to Plaintiff, the sleep deprivation he has alleged could plausibly constitute a denial of "the minimal civilized measure of life's necessities" sufficient to satisfy the objective component of the Eighth Amendment inquiry. *See Harper,* 174 F.3d at 720; *Schult,* 717 F.3d at 126-28. Furthermore, the decision to change and continue to implement the operating policy on the necessities exchange to an early morning hour plausibly gives rise to a finding of deliberate indifference to Plaintiff's health. Plaintiff details in his allegations how his sleep has been adversely impacted by having to wake up several days a weeks before 3:00 a.m. to attend to the necessities exchange. Thus, taken in the light most favorable to him, Plaintiff has alleged sufficient facts for purposes of stating a claim for injunctive relief against Assistant Warden Furr that the operating procedure for the necessities exchange policy unconstitutionally deprives him of sleep.

## V. RECOMMENDATION

For the reasons stated above and for purposes of § 1915A, it is respectfully recommended that Plaintiff's Eighth Amendment deliberate indifference claim seeking injunctive relief against **Assistant Warden Corey Furr** be **RETAINED**. The undersigned will order service as to this defendant by separate order. It is respectfully recommended further that Plaintiff's deliberate indifference claims against the remaining Defendants, all for injunctive relief, be dismissed because these defendants could not provide the injunctive relief requested such that Plaintiff fails to state cognizable claims against these individuals pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully submitted this 9th day of April, 2018.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).